Sarah **DYKSTRA**, Plaintiff,

v.

**FLORIDA FORECLOSURE ATTORNEYS, PLLC, a Florida Profit Corporation, and Rick Felberbaum, individually, Defendants.**

**CASE NO. 15-81275-CV-MARRA/MATTHEWMAN**

United States District Court,
S.D. Florida.

Signed June 13, 2016

Dana Mason Gallup, The Law Offices of Dana M. Gallup, P.A, Hollywood, FL, Jacob Karl Auerbach, Anidjar Auerbach Law, Coral Springs, FL, for Plaintiff.

Louis R. Cohan, Michelle L. Wein, Cohan Law Group, LLC, Atlant, GA, Evan Brett Klinek, Greenspoon Marder, P.A., Fort Lauderdale, FL, for Defendant.

## ORDER ON PLAINITFF'S MOTION TO COMPEL AND/OR FOR IN CAMERA INSPECTION AND INCORPORATED MEMORANDUM OF LAW [DE 21]

WILLIAM MATTHEWMAN, UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon Plaintiff, Sarah Dykstra's ("Plaintiff") Motion to Compel and/or for in camera Inspection and Incorporated Memorandum of Law ("Motion") [DE 21]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 16. Defendants, Florida Foreclosure Attorneys, PLLC, and Rick Felberbaum ("Defendants"), filed a Response [DE 23], and Plaintiff filed a Reply [DE 24].

### I. PROCEDURAL POSTURE OF DISCOVERY DISPUTE

Plaintiff filed her Motion [DE 21] on April 7, 2016. Plaintiff alleges that Defendants' Privilege Log which was provided to Plaintiff, asserting that certain documents were withheld based on attorney-client privilege, is not sufficient to allow Plaintiff to assess the claim of privilege. [DE 21, pp. 3-4]. According to Plaintiff, because the privilege log is insufficient, Defendants have waived the privilege. [DE 21, p. 4]. Further, "Plaintiff contends that some, if not all, of the emails withheld on the basis of privilege are not communications between Defendant's employees and its attorney seeking legal advice." [DE 21, p. 5]. Therefore, Plaintiff requests that the Court conduct an *in camera* review of the emails to ensure that the privilege is properly asserted. *Id.* Further, Plaintiff asks this Court to award her the attorney's fees incurred in preparing the Motion. [DE 21, p. 8].

Defendants filed a Response [DE 23] alleging that they provided an updated privilege log to Plaintiff and that their updated privilege log is sufficient. [DE 23, p. 3]. Further, Defendants contend that only twenty-two emails, totaling thirty-three pages, were withheld on the basis of attorney-client privilege. [DE 23, pp. 3-4]. According to Defendants, the disputed documents are all privileged documents between Defendants and Defendants' counsel regarding legal advice pertaining to Plaintiff. [DE 23, p. 5]. Defendants state that they do not object to an *in camera* review of the documents by this Court. [DE 23, pp. 5-6].

Plaintiff filed a Reply [DE 24] asserting that Defendants' counsel was not giving legal advice, but was instead "involved in business decisions regarding whether Plaintiff should be returned to work or terminated." [DE 24, pp. 3-4]. According to Plaintiff, a defendant cannot claim that the primary purpose of a communication was for legal advice when communication was sent to a lawyer to serve both business and legal purposes. [DE 24, p. 4].

The parties conferred and agreed that, in lieu of an in-person hearing, Defendants would submit the documents to the Court for *in camera* review. [DE 27, p. 1]. The

parties advised the Court that they would "abide by the Court's determination as to whether the emails are or are not privileged." *Id.* Thereafter, the Court ordered that Defendants submit the disputed documents for *in camera* review. *See* DE 29.

## II. ANALYSIS

■ As an initial matter, the Court does not find that Defendants have waived the attorney-client privilege. "[T]he confidentiality of attorney-client communications 'is an interest traditionally deemed worthy of maximum legal protection.'" *Anderson v. Branch Banking and Trust Co.*, No. 13-CV-62381, 2015 WL 2339470, *3 (S.D.Fla. May 14, 2015) (citations omitted). Indeed, even in the case that Plaintiff cites to claim that the privilege is waived, the court stated that, after the deficiency in the privilege log was brought to the court's attention, the court had given the non-parties asserting the privilege twenty days to submit detailed privileged logs that identified the documents withheld based on attorney-client privilege. *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2010 WL 5161838, *3 (M.D.Fla. Dec. 14, 2010). Therefore, even if the Court were to find that Defendants' privilege log is insufficient, the Court would not normally be inclined to find that the privilege is waived and would likely give Defendants additional time to submit a proper privilege log, absent extraordinary circumstances or dilatory conduct. *See Mitsui Sumitomo Ins. Co. v. Carbel, LLC*, No. 09-21208-CIV, 2011 WL 2682958, *5 (S.D.Fla. July 11, 2011). In this case, however, the Court finds that Defendants' First Amended Privilege Log [DE 23-2] is sufficient. The Court therefore finds that Defendants have not waived their attorney-client privilege.

■ After carefully conducting an *in camera* inspection and review, the Court finds that the disputed documents are protected by the attorney-client privilege.

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). The withheld documents are clearly communications between Defendants and Defendants' counsel prepared in order to obtain informed legal advice. Further, the communications are regarding the specific matter of representation at issue in this case. Therefore, the withheld documents are privileged.

Moreover, the Court finds that the privilege log adequately identifies the withheld documents. In *Anderson*, the court noted information that a "proper privilege log should contain" for each withheld document. *Anderson*, 2015 WL 2339470 at *2. For each document withheld, Defendants' amended privilege log [DE 21-7], produced to Plaintiff on April 4, 2016, indicates a description of the document, the date it was prepared, the specific privilege asserted, the name and title of the author and recipients of the document, and the subject matter addressed in the document. Although the privilege log does not list the title of each email or specifically what was discussed, Plaintiff was not prejudiced by any informational deficiency under the facts of this case. *Mitsui Sumitomo*, 2011 WL 2682958 at *6. It is clear from the Court's *in camera* review that the withheld documents are privileged and any further description of the emails in the privilege log may disclose privileged information.

## III. CONCLUSION

In sum, after independently conducting an *in camera* review of the withheld documents, the Court finds that the documents were properly withheld as attorney-client privileged materials, and that Plaintiff has failed to make a showing that Defendants

have waived any such privilege. Accordingly, Plaintiff's Motion [DE 21] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of June, 2016.